In the Matter of the Petition of GEORGE H. BURMEISTER to Vacate an Assessment, etc.

*Assessments in New York — vacation of — Paving and repaving — as used in ·chap. 580, of 1872, and chap. 313, of 1874 — Distinction between sidewalk and carriageway.*

*Semble*, that the terms "paving" and "repaving," as used in the acts of 1872 and 1874, regulating actions to be brought to vacate assessments in the city of New York, apply only to the paving and repaving of the carriageway, and do not include the flagging of sidewalks or the setting of curb and gutter stones.
*Matter of Phillips* (60 N. Y., 16) explained.

APPEAL from an order of the Special Term vacating an assessment.

*J. A. Beall,* for the appellant.

*P. A. Hargous,* for the respondent.

DAVIS, P. J.:

The petition in this case was filed to vacate an. assessment confirmed December 19, 1872, upon two lots, being ward Nos. 16 and 29, in block No. 277. The assessment was laid for regulating, grading, setting curb and gutter stones, and flagging the street on which the lots of the petitioner are located; and the ground on which the petitioner seeks to vacate the assessment is, as stated in the petition, that the said street had already been paved at the expense of the owners and occupants of the adjoining lots, previous to the pavement charged for in the assessment. To prove the previous assessment and payment thereof, the petitioner produced an extract from an assessment list for resetting curb and gutter, and flagging Forty-sixth street from Broadway to Hudson river, confirmed on the 7th of February, 1865, from which it appeared that an assessment was imposed on lot No. 29. He proved that that assessment had been paid. There was no proof in the case that a previous assessment had been laid and paid on lot No. 16. But the order vacates the assessment as to both lots. This is a palpable error, growing out of an oversight or misapprehension of the facts proved, for which the order below must be reversed and a rehearing ordered.

But there is another question in the case which deserves attention. It was not proved that Forty-sixth street, at the point covered by the assessment of 1872, had ever been *paved* at all. The assessment vacated by the court below is for regulating, grading, setting, curb and gutter stones and flagging, and not for paving; and the assessment of 1865 was also for resetting curb and gutter, and and flagging Forty-sixth street. The ordinance produced, which was passed in 1870, directs that the street be regulated and graded and curb and gutter stones set, and sidewalks flagged a space four feet wide in the center thereof where not already done. This unex-

plained, might, under the authorities relied upon by the petitioner, be deemed to be a repaving, and to be within the term "repavement," as used in the exception contained in section 7, chapter 580 of the Laws of 1872, and section 7, chapter 313 of the Laws of 1874.

*In the Matter of Phillips* (60 N. Y., 16), it was supposed by the learned judge who pronounced the opinion of the court, that flagging and paving were synonymous terms, each substantially embracing the same subject; and that the paving of streets in the city, and the flagging of sidewalks and setting curb and gutter stones, were things done under the same ordinance and regulations, as part of the paving of streets. It did not appear in that case that these things, by long established usage, as well as by the city ordinances, which with respect to them have the force of law, are in fact entirely distinct and independent things, and that the long recognized rule in the imposition of public burdens that streets should paved once at the expense of the property owners, and that thereafter the burden of keeping them in repair should be upon the general public as represented by the city government never applied in the city to the sidewalks, and curb and gutter, in front of the premises of the owners of lots. The distinction was recognized as early as 1824, by an ordinance which was in these words:

" Whenever the carriage-way of any of the streets in the city of New York, or part of the same, not less than the space or distance between and including the intersection of two streets, shall be repaired or newly paved and the crosswalks laid, and the sidewalks extended to the width required by law at the expense of the individual owners of the lots in the same, and the work approved by the chief of bureaus having special cognizance thereof, such streets or parts of streets shall forever thereafter be paved, repaired and repaved at the expense of the corporation, but this section shall not be construed to apply to sidewalks, *but to the pavement or carriage-way of streets only.*" (Revised Ordinances 1838 and 1839.)

In the Revised Ordinances of 1866, chapter 14, entitled, "of paving, repairing and repaving the carriage-ways of streets and avenues." Chapter 15 is entitled, " of flagging and laying and repairing sidewalks and curb and gutter stones." And section 2 of chapter 14, contains the ordinance of 1824 above quoted. The ordinances of

the city have always treated the flagging of sidewalks and the paving of carriage-ways of streets, as separate and distinct subjects ; and section 14 of chapter 15 provides in respect to such sidewalks, curb and gutter, as follows :

§ 14. " The owner or owners, lessee or lesses, occupant or occupants of any house or other building or vacant lot, fronting on any street or avenue, shall at his, her or their charge and expense, well and sufficiently pave according to the ordinances, and keep and maintain in good repair the sidewalks, and curb and gutter of such street or avenue in front of any such house, or building or vacant lot."

Sections 15, 16, 17, 18 and 19 of the same chapter provide that in case the owners, lessees or occupants of lots fail to pave or repair the sidewalks and curb and gutters as the case may require, the street commissioner may order the same to be done, and the expense thereof shall be recovered of the owner, lessee or occupant, together with ten dollars as a penalty.

This was the condition of the law as to paving streets and flagging sidewalks, and maintaining the latter, and the gutters and curbs in front of lots in repair at the time the act of 1872 was passed, and the distinction between the paving of streets or carriage-ways, and the maintaining of sidewalks and curbs and gutters along the sides of the streets was not only well understood, but was observed in all letting of works and contracts. No person who took a contract *in hæc verba*, for *paving* a street, was ever supposed to have any thing to do with the flagging of sidewalks.

It did not appear in *re Phillips* upon what portion of the street the flagging mentioned in that case was laid, for the court says : " The precise character, extent or cost of the work for which the present assessment was made does not appear on the record." In this case it clearly appears that the flagging was laid on a portion of the sidewalk, being a strip in the center thereof four feet in width. The reason for excepting from the prohibition of the acts of 1872 and 1874, cases for the repavement of the carriage-way of streets, does not apply to the reflagging of sidewalks ; and we have no doubt that the exception of the acts of 1872 and 1874, of cases of repavement of streets, was only intended to apply to that kind of repavement which, by long existing ordinances of the city,

was chargeable only to the city. And had the ordinances and facts appeared in *re Phillips*, as they will appear in this case when properly proved on a new hearing, the opinion of the learned judge would undoubtedly have recognized these facts and declared the law with respect to them. Regulating and grading a street is not repaving it, although it is certainly a part of the process of repaving.

If nothing more is done than the mere regulating and grading, those acts are not a complete repavement within the meaning of the exception. What appears by the case to have been done in 1865 was the resetting of the curb and gutter and flagging the sidewalk, and these acts do not include the paving of the carriage-way of the street. It is probable from what appears that the street in the part embraced in the assessment has never been paved at all, but is in the condition of a large number of the streets of the city, without pavement of the carriage-way but with sidewalks graded, and with flagging covering a part of the width of the sidewalk for the use of foot passengers, and with curb and gutter for the protection of the sidewalk. However these facts may be, they can of course be shown upon a rehearing of the petition. We are of opinion that the case was not brought by the proof within the exception of the acts of 1872 and 1874, but it is not necessary to pass upon that question because the case should be sent back for a rehearing upon the point first suggested. Nor is it necessary to determine whether the law of the case in respect to the publication of the ordinances is that laid down by this court in *re Peugnet* (5 Hun, 434), and lately affirmed by the Court of Appeals.

The order should be reversed and a rehearing ordered, with ten dollars costs of appeal, and disbursements to the appellants to abide the event.

BRADY and DANIELS, JJ., concurred in the result.

Order reversed; rehearing ordered with ten dollars costs of appeal, and disbursements to abide event.